CHANG LIN, Petitioner,

v.

**U.S. DEPARTMENT OF JUSTICE, U.S. Attorney General Michael B. Mukasey,\* Respondent.**

No. 08–0196–ag.

United States Court of Appeals, Second Circuit.

June 27, 2008.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

David A. Bredin, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, Kiley L. Kane, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Chang Lin, a native and citizen of the People's Republic of China, seeks review of a December 12, 2007, order of the BIA affirming the December 5, 2005, decision of Immigration Judge ("IJ") Sandy Hom denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chang Lin,* No. A98 255

757 (B.I.A. Dec. 12, 2007), *aff'g* No. A98 255 757 (Immig. Ct. N.Y. City Dec. 5, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ As an initial matter, we deem abandoned any challenge to the IJ's finding that Lin failed to establish a well-founded fear of persecution based on having been baptized as a Christian in the United States, as Lin does not raise it in his brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

When, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ We conclude that the IJ's adverse credibility determination is supported by substantial evidence. The IJ properly found that Lin's testimony that he observed Thanksgiving Day as a Christian holiday with his fellow congregants in China rendered suspect his assertion that he was a practicing Christian in China. Moreover, the IJ found that Lin appeared to be testifying as if reciting from a script, rather than from experience. We afford such assessments of demeanor particular deference. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005).

■ In light of these concerns regarding Lin's credibility, it was proper for the IJ to require Lin to provide corroboration for his claims. *See Xiao Ji Chen v. U.S. Dept. of Justice,* 471 F.3d 315, 341 (2d Cir.2006) (finding that an applicant's failure to corroborate his testimony may make him unable to rehabilitate testimony that has already been called into question). Here, Lin asserted that he went into hiding because the authorities sought his arrest after he wrote an article about his "experience as a Christian and also the persecution situation of my Christian followers." He also asserted that his mother had paid a fine in order to obtain his release from detention. As the IJ found, Lin's failure to produce the article and the receipt further undermined his credibility. *See id.*

While the IJ acknowledged that Lin submitted letters from his mother and father in support of his claims, he declined to accord those documents any evidentiary weight because they were not made under oath and lacked indicia of authentication or proof of authorship. Because the weight afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the IJ, we cannot conclude that the IJ erred in making this finding. *See id.* Moreover, Lin's questionable testimony, combined with his failure to submit corroboration of his claims, provide substantial evidence for the IJ's adverse credibility determination. *See Secaida–Rosales,* 331 F.3d at 307.

■ Because the only evidence of a threat to Lin's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily pre-

cludes success on his claims for withholding of removal and CAT relief, where all three claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). While Lin argues that he will be tortured for illegally departing China, he has submitted no evidence to support that assertion. Accordingly, we cannot conclude that the IJ erred in finding that any punishment Lin faces for his illegal departure would constitute prosecution, not persecution. *See Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992).

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED.